IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARAH HENRY,                          )
                                      )
Plaintiff,                            )
                                      )
vs.                                   )       Case No. 1:23-cv-00721
                                      )
COLLECTION PROFESSIONALS,             )
INC.                                  )
                                      )       Magistrate Judge Jeffrey T. Gilbert
                                      )
Defendants.                           )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Henry ("Plaintiff") alleges Defendant Collection Professionals,

Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq.*, as well as the automatic bankruptcy stay set forth in 11

U.S.C. § 362, and the discharge injunction in 11 U.S.C. § 524. [ECF No. 1]

("Complaint"). Presently before the Court are Plaintiff and Defendant's cross-

motions for summary judgment as a matter of law pursuant to Federal Rule of Civil

Procedure 56. Each party has responded to the pending motions and submitted

replies in support of their motions. For the reasons discussed below, both motions are

denied.

## I.      BACKGROUND

Plaintiff seeks summary judgment on the two claims alleged in her Complaint,

one claim under the FDCPA and the other labeled "Violation of Automatic

Stay/Discharge Injunction" which alleges violations of the Bankruptcy Code automatic stay provision (11 U.S.C. § 362(k)) and the discharge injunction entered by the Bankruptcy Court (11 U.S.C. § 524). Complaint [ECF No. 1] at 4-5. Plaintiff argues "Defendant violated FDPCA by filing the collection complaint in State Court against Plaintiff" and by "alleging that she owed the debt despite having filed for Chapter 7 bankruptcy." Memorandum in Support of Sarah Henry's Motion for Summary Judgment [ECF No. 31] ("Plaintiff's Motion") at 7. Plaintiff also seeks summary judgment on her claim for "Violation of the Discharge Injunction afforded by 11 U.S.C. § 524" in which she alleges that Defendant failed to dismiss the collection action after receiving notice of her bankruptcy filing. Plaintiff's Motion [ECF No. 31] at 4, 9-10; *see also* Complaint [ECF No. 1] at 4-5. She says that after learning of Defendant's collection action, her husband provided notice to Defendant's attorney of Plaintiff's bankruptcy, that Defendant's attorney's knowledge of Plaintiff's bankruptcy should be imputed to Defendant, and "the collection action should be deemed a violation of the discharge injunction." Plaintiff's Motion [ECF No. 31] at 10. Plaintiff seeks "summary judgment in her favor" and an award of $1,000 in damages for violation of the FDCPA plus costs and attorneys' fees. Plaintiff's Motion [ECF No. 31] at 10.[1]

---

[1] The Complaint includes additional remedies that are not specifically referenced in Plaintiff's Motion, including for monetary damages in the form of sanctions exceeding $5,000 for Defendant's alleged violation of the bankruptcy stay pursuant to Section 362 of the Bankruptcy Code, to hold Defendant in civil contempt for violating the bankruptcy discharge order and further award actual and punitive damages, as well as costs and fees, and for actual damages under the FDCPA. Complaint [ECF No. 1] at 5-6.

Defendant filed a cross motion for summary judgment on the FDCPA and the bankruptcy discharge claim. Defendant's Memorandum in Support of Response Brief and Cross Motion for Summary Judgment [ECF No. 33] ("Defendant's Motion") at 1. Defendant argues the FDCPA claim arising from the filing of the collection lawsuit against Plaintiff is barred by Defendant's bona fide error affirmative defense. Defendant's Motion [ECF No. 33] at 1. Defendant also says it is entitled to summary judgment on the bankruptcy discharge claim because undisputed evidence shows Defendant's attorney dismissed Plaintiff from the collection lawsuit after being notified of the bankruptcy though after this case was filed. Defendant's Motion [ECF No. 33] at 1, 10.

## A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012).

The Court's role is "to determine whether there is a genuine issue for trial," *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citations and quotations marks omitted), without "weigh[ing] evidence, mak[ing] credibility determinations, resolv[ing] factual disputes and swearing contests, or decid[ing] which inferences to draw from the facts." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Thus, in making that determination, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**B. Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this Court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*,

634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Under the Northern District of Illinois local rules, a moving party is required to submit a separate statement of material facts, citing to evidentiary material, as to which the moving party contends there is no genuine issue for trial. *See* L.R. 56.1(a); Fed. R. Civ. P. 56(1). While the moving party's memorandum of law "may include a statement of facts," "when addressing facts, the memorandum must cite directly to specific paragraphs in the LR 56.1 statements." *See* L.R. 56.1(a), (d), (g). The failure to comply with these rules "may be grounds for denial of the motion." *See* L.R. 56.1(a)(3).

The opposing party must then "file a response to each numbered paragraph in the moving party's statement" of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005) (internal quotation marks omitted); L.R. 56.1(b), (d), (e). In the case of any disagreement, the opposing party must reference "specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact." L.R. 56.1(e)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The nonmoving party may also present a separate statement of additional facts that require the denial of summary judgment that consists of "concise numbered paragraphs" "supported by citation to the specific evidentiary material, including the specific page number, that supports it." L.R. 56.1(b)(3), (d).

"For litigants appearing in the Northern District of Illinois, the Local Rules are clear and unequivocal — compliance with Local Rule 56.1 is a critical, and mandatory,

5

component of summary judgment motion practice." *Abdel-Ghaffar v. Illinois Tool Works, Inc.*, 2015 WL 5025461, at *6 (N.D. Ill. 2015) (Gilbert, J.), *as amended* (Sept. 30, 2015), *aff'd*, 706 F. App'x 871 (7th Cir. 2017). Courts expect strict compliance with Local Rule 56.1 and have ample discretion to strike improper submissions. *See*, *e.g.*, *Cichon v. Exelon Generation Co., LLC.*, 401 F.3d 803, 809-810 (7th Cir. 2005) (collecting cases); *Fam. Life Church v. City of Elgin*, 2007 WL 2790762, at *2 (N.D. Ill. Sept. 24, 2007) (denying motion for summary judgment based on failure to comply with L.R. 56.1) (citing *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). "A movant's failure to comply with Local Rule 56.1 is a threshold and independent reason for a court to deny a motion for summary judgment." *Signature Transportation Grp., LLC v. Jacobs*, 2020 WL 1663124, at *1 (N.D. Ill. Apr. 3, 2020).

## II.     ANALYSIS

### A. Plaintiff's Motion for Summary Judgment Fails to Comply with Local Rule 56.1

Defendant objects that Plaintiff failed to comply with the requirements of Local Rule 56.1 because she did not file a separate statement of material facts. Defendant's Motion [ECF No. 33] at 5. Plaintiff responds that she "did not ignore" the local rules because she attached evidentiary support to her memorandum, including an affidavit from her husband, and, although labeled as "background," she included a statement of facts citing to those exhibits in her memorandum. [ECF No. 36] at 5 (purporting to reference language from "L.R. 56.1(A)" although the described language does not actually appear in that form in the local rules).

6

Defendant's objections are well taken. Plaintiff did not comply with L.R. 56.1. Plaintiff's failure to provide a separate statement of facts in compliance with L.R. 56.1 is not excused by her inclusion of a fact statement labeled as "background" with numbered paragraphs in her memorandum or by citing to supporting exhibits attached to her memorandum rather than to a separate fact statement. *See* [ECF No. 31] at 4-5, 8-9. *See Ammons*, 368 F.3d at 817 (argument that plaintiff "*substantially* complied with Rule 56.1 is inapt. Substantial compliance is not strict compliance.")[2]

The Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). As this Court said in *Abdel-Ghaffar* in language equally applicable here:

> It is not the role of the court to parse the parties' statements of facts and exhibits to construct the undisputed facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 754 F.Supp.2d 984, 985 (N.D. Ill. 2010) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)). It simply is not the court's job to sift through the record to determine whether there is sufficient evidence to support a party's claim. *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job ... to make it easy for the court to rule in his client's favor...." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006); *see also Hamm v. Nestle USA, Inc.*, 2013 WL 4401328, at *2 (N.D. Ill. 2013).

---

[2] Defendant did not specifically respond to the numbered paragraphs in Plaintiff's background section. This compounds the difficulty for the Court in determining which facts are disputed, particularly given Defendant's cross-motion for summary judgment. Nevertheless, Defendant did comply with L.R. 56.1 in providing and citing to its own statement of material facts in support of its cross-motion. *See* [ECF Nos. 33 & 34]. As it is not clear whether a party is required to respond in accordance with L.R. 56.1(e) to a statement of facts that failed to comply with the local rules in the first place, the Court does not deem Defendant to have waived responses or objections to Plaintiff's background facts.

*Abdel-Ghaffar*, 2015 WL 5025461, at *7. Accordingly, the Court strikes Plaintiff's non-compliant "background" fact statement. As Plaintiff's motion therefore lacks factual support, the Court denies Plaintiff's motion for summary judgment. *See, e.g.*, *Teamsters Loc. Union No. 727 Health & Welfare Fund v. De La Torre Funeral Home & Cremation Servs., Inc.*, 2023 WL 4664918, at *1 (N.D. Ill. July 20, 2023) (denying motion for summary judgment where defendant failed to file a L.R. 56.1 statement of facts and also failed to file a response to plaintiff's statement of facts).

## B. Defendant's Motion for Summary Judgment on the FDCPA Claim

As to Defendant's Motion, "[t]he Court begins by viewing the facts and making all reasonable inferences in the light most favorable to [Plaintiff], the party opposing summary judgment." *Ross v. UChicago Argonne, LLC*, 2023 WL 2745678, at *1 (N.D. Ill. Mar. 31, 2023) (citing *Reives v. Illinois State Police,* 29 F.4th 887, 891 (7th Cir. 2022) and *Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 814 (7th Cir. 2017)). "In the context of a motion for summary judgment, the Court does not 'make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. Rather, the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.'" *Id.* (citing *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003)).

### 1) Defendant's Statement of Facts is Deemed Admitted

Defendant complied with L.R. 56.1 by providing a separate statement of material facts in support of its Motion and by citing to that statement in its

8

memorandum. [ECF Nos. 33]; Defendant's Local Rule 56.1 Statement of Material Facts in Support of Its Response and Cross-Motion for Summary Judgment [ECF No. 34] ("Defendant's SOMF"). Plaintiff again failed to comply with L.R. 56.1 by not providing a specific response to each of the numbered paragraphs in Defendant's SOMF. Instead, Plaintiff included arguments about factual disputes in her Reply. *See* Plaintiff's Reply to Defendant's Motion Brief and Reply to Defendant's Cross Motion for Summary Judgment [ECF No. 36] ("Plaintiff's Reply") at 2-5. Plaintiff also attached additional evidentiary materials to her Reply rather than attaching exhibits to a statement of additional facts pursuant to L.R. 56.1(b)(3). In light of Plaintiff's failure to comply with L.R. 56.1, the Court will treat Defendant's SOMF as admitted as to the facts properly supported by evidence that are in that filing.[3]

As relevant to the Court's analysis, the following undisputed facts are taken from Defendant's SOMF unless otherwise indicated. The Court omits any legal conclusions or ultimate facts that are unsupported by the attached evidence in

---

[3] Plaintiff also filed a motion to strike certain factual statements in Defendant's SOMF. Plaintiff's Motion to Strike Unsupported Assertions Within Defendant's Cross Motion for Summary Judgment [ECF No. 37] ("Motion to Strike"). As an initial matter, the motion fails to identify specific paragraphs in Defendant's SOMF as to which Plaintiff objects. In addition, the Local Rules provide that motions to strike evidence on summary judgment are "disfavored" and that such arguments should generally be included in a response brief. L.R. 56.1(e)(2). Plaintiff did, however, include some arguments about her objections to the admissibility of Defendant's evidence in her Reply, including that evidence regarding Defendant's procedures and training to avoid collection of debts subject to bankruptcy had not been disclosed in discovery. [ECF No. 36] at 3. As discussed below, the Court denies Defendant's Motion on the FDCPA claim on other grounds, and for that reason the Court need not resolve Plaintiff's arguments about the admissibility of Defendant's evidence related to its affirmative defense. The Court denies Plaintiff's Motion to Strike as moot, without prejudice to Plaintiff raising arguments about the admissibility of Defendant's evidence before or at trial.

Defendant's SOMF. Plaintiff alleged she incurred financial obligations to John M. Lancaster, O.D. and ENT Surgical Consultants, LTD (collectively, the "Creditors") on July 24, 2018 and January 14, 2020 (the "Debt"). SOMF [ECF No. 34] at ¶ 4. Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois in December 2020, although she did not list the subject Debt in her Chapter 7 bankruptcy petition, and she received a bankruptcy discharge order in March 2021. *See* SOMF [ECF No. 34] at ¶¶ 5, 6, 7; *see also* Bankruptcy Court Docket for Sarah A. Henry, Case No. 20-BK-21024. Neither Defendant nor the Creditors received notice at the time of Plaintiff's bankruptcy discharge. *See* SOMF [ECF No. 34] at ¶ 8. The Creditors assigned the Debt to Defendant, and on November 30, 2022, Defendant's attorneys filed and served a collection lawsuit seeking to collect the Debt (the "Collection Lawsuit"). SOMF [ECF No. 34] at ¶ 9.

"On January 5, 2023, plaintiff's husband contacted [Defendant's] lawyer in the Collection Lawsuit and informed the attorney that plaintiff filed and completed a Chapter 7 bankruptcy." SOMF [ECF No. 34] at ¶ 10 (citing and attaching Affidavit of Ryan Henry, [ECF No. 34-3] ("Henry Affidavit")).[4] None of Defendant's attorneys

---

[4] Plaintiff alleges that during that conversation, which Defendant admits took place, someone in Defendant's attorney's office told her husband that Defendant would not dismiss the collection lawsuit despite the bankruptcy filing and Plaintiff also addresses this statement in her Motion. Complaint [ECF No. 1] at ¶ 14; *see also* Plaintiff's Motion [ECF No. 31] at 7-10. As discussed later in this Memorandum Opinion and Order, Defendant ignores this allegation in its Motion and only addresses it in its Reply. Defendant's Reply [ECF No. 39] at 1, 3, 6. Moreover, although Defendant cites and attaches to its SOMF an affidavit from Plaintiff's husband describing this alleged statement, Defendant omits this fact from its SOMF. To put it another way, Defendant cannot succeed in making the factual record on this point undisputed by ignoring or omitting potentially material facts about Plaintiff's husband's conversation with Defendant's law firm. *See Ruiz v. Williams*, 2018 WL 1469044, at *12 (N.D. Ill. Mar. 26, 2018) (summary judgment for physician assistant defendant was

in the Collection Lawsuit spoke with Plaintiff about the Debt. SOMF [ECF No. 34] at ¶ 12. When Defendant learned that Plaintiff had filed and completed a bankruptcy, Defendant immediately noted the bankruptcy on the account notes associated with the Debt and Defendant has not communicated with Plaintiff since learning of her bankruptcy. SOMF [ECF No. 34] at ¶ 13 (citing and attaching Declaration of Greg Himelick, [ECF No. 34-5] ("Himelick Declaration")).

Defendant's "attorney dismissed plaintiff from the Collection Lawsuit at the first opportunity he had to be in front of the judge hearing the case after being instructed to dismiss her from the case." SOMF [ECF No. 34] at ¶ 11 (citing and attaching Declaration of Robert Steele, [ECF No. 34-4] ("Steele Declaration")). Plaintiff commenced this litigation on February 6, 2023. [ECF No. 1]. The docket for the Collection Lawsuit (as identified by Plaintiff, *see* [ECF No. 31-3]), Case No. 2022SC005903 in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, reflects that Sarah Henry was dismissed without prejudice on February 22, 2023. *See also* Defendant's Final Reply Memorandum for Its Cross Motion for Summary Judgment, [ECF No. 39] ("Defendant's Reply") at 3 n.2.

### 2) Material Factual Disputes Preclude Summary Judgment for Defendant on the FDCPA Claim

Defendant argues it is entitled to summary judgment on its bona fide error affirmative defense to Plaintiff's FDCPA claim. Defendant's Motion [ECF No. 33] at 1. Defendant says Plaintiff's FDCPA claim is based on Defendant's filing of the

---

not warranted where defendants "ignore a number of material factual disputes raised by Plaintiff's testimony and affidavit").

Collection Lawsuit for a Debt that had been discharged in bankruptcy, although Defendant also says "it is not clear from the complaint on what factual basis" Plaintiff's FDCPA claim rests. Defendant's Motion [ECF No. 33] at 1-2. Defendant's defense is premised on undisputed evidence that Defendant lacked notice of Plaintiff's bankruptcy when it initiated collection activity on Plaintiff's Debt, including when it filed the Collection Lawsuit, and that it has procedures in place that are reasonably designed to avoid the error of seeking to collect on debts that are discharged in bankruptcy. [*Id.*] at 1; *see generally* Defendant's SOMF [ECF No. 34].

Plaintiff responds that summary judgment is not appropriate on the FDCPA claim because her claim is not based on Defendant's initial filing of the Collection Lawsuit, as to which Defendant argues the bona fide error defense applies, but rather is founded on Defendant's actions after Defendant's attorney received actual notice of Plaintiff's bankruptcy on January 5, 2023. Plaintiff's Reply [ECF No. 36] at 4-6; *see also* Plaintiff's Motion [ECF No. 31] at 7-10 (arguing "the statement that [Plaintiff] owed the debt was false" and in violation of Section 1692e and Section 1692f of the FDCPA). Plaintiff claims that following notice of her bankruptcy discharge, Defendant engaged in conduct in violation of the FDCPA, including the alleged statement made to Plaintiff's husband by someone at Defendant's attorney's office that Defendant would not dismiss the collection lawsuit against Plaintiff notwithstanding the bankruptcy discharge and Defendant's delayed dismissal of the Collection Lawsuit, which was not obtained until after Plaintiff commenced this litigation. [ECF No. 36] at 4-6; Complaint [ECF No. 1] at ¶¶ 14, 25.

The Court agrees with Plaintiff that her FDCPA claim is based, at least in part, on Defendant's conduct after it learned of Plaintiff's bankruptcy, including the delay in dismissing the Collection Lawsuit and the alleged statement made to Plaintiff's husband. *See* Complaint [ECF No. 1] at ¶ 14 (alleging Plaintiff's husband informed Defendant's collection counsel about bankruptcy on January 5, 2023 and "he was informed that the Defendant would not dismiss her. . ."); *see also* Plaintiff's Motion [ECF No. 31] at 7-10.

As to the timing of Defendant's dismissal of the Collection Lawsuit, Defendant says Plaintiff conflates the standards for FDCPA claims and Bankruptcy Code claims, asserting that "'timeliness' is not a legal standard under the FDCPRA." Defendant's Reply [ECF No. 39] at 5, 9. But Defendant does not provide any authority supporting its contention that an untimely or delayed dismissal of a collection lawsuit cannot form the basis of a FDCPA violation. Some courts have acknowledged this possibility, reasoning at the pleading stage that an alleged failure to promptly dismiss a collection lawsuit following actual notice that the debt is in bankruptcy or otherwise improperly sought could form the basis of a FDCPA claim.

For example, in *Mogg v. Jacobs*, 2016 WL 1029396, at *3–4 (S.D. Ill. Mar. 15, 2016), the court declined to dismiss the plaintiff's claim that "whether simply refusing to seek dismissal of a stayed state court collections action that was filed in violation of an automatic bankruptcy stay is the kind of conduct 'the natural consequence of which is to harass, oppress, or abuse' the debtor" in violation of the FDCPA, reasoning the defendant "had not carried his burden on a motion to dismiss to show that, as a

13

matter of law, it is not. . ." *Id.* Analogously, in *Smith v. Moss L. Firm, P.C.*, 2020 WL 584617, at *5 (N.D. Tex. Feb. 6, 2020), the court declined to dismiss a claim that a defendant law firm had violated the FDPCA by "failing to immediately dismiss the collection action upon being notified that it had sued the incorrect party" because this was an allegation of "harm of the type the FDCPA was meant to address, i.e., abusive debt-collection practices." Although both decisions were issued at the pleading stage, Defendant does not provide any authority that an unreasonable delay in dismissing a collection lawsuit after actual notice that a debt had been discharged in bankruptcy, as matter of law, cannot support a FDCPA claim.[5]

In addition, viewing the facts in the light most favorable to Plaintiff, the Court agrees with Plaintiff that a reasonable jury could find the alleged statement to Plaintiff's husband that the bankruptcy discharge "did not matter" and "that the Defendant had no intention of dismissing [Plaintiff] from [the Collection Lawsuit]," made by someone in Defendant's law firm, to be a false or misleading representation made in connection with debt collection. Section 1692e provides "[a] debt collector

---

[5] At the summary judgment stage in *Mogg v. Jacobs*, the court declined to grant summary judgment to either plaintiff or defendant on plaintiff's claim that the defendant's failure to dismiss the collection action was a violation of the FDCPA, reasoning the arguments were undeveloped by both sides. *See Mogg v. Jacobs*, 2016 WL 4395899, at *6 (S.D. Ill. Aug. 18, 2016). That is certainly the case here with respect to Defendant's arguments (made primarily in its Reply) as to whether an FDCPA claim can be based on the alleged statement made to Plaintiff's husband and the delayed dismissal of the Collection Lawsuit. As discussed above, whether Plaintiff's FDCPA claim has merit or not, the Court denied Plaintiff's Motion due to her failure to adequately develop the factual support for her Motion in compliance with the Local Rules. The Court also notes that Plaintiff says "[a]t a minimum" there is "a question of fact" about when Defendant instructed its attorney to dismiss the Collection Lawsuit and whether dismissal could have been accomplished before Plaintiff filed this litigation, thus acknowledging that her claims regarding the timing of this dismissal are not well suited for summary judgment. Plaintiff's Reply [ECF No. 36] at 5-7.

may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C.§ 1692e, and Section 1692f provides "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Defendant does not present undisputed evidence to refute Plaintiff's allegation that the statement was made to her husband – in fact, as addressed further below, Defendant attaches Mr. Henry's Affidavit to its SOMF but then ignores the parts of the affidavit upon which Plaintiff relies. And Defendant does not cite any authority for the proposition (raised for the first time in its Reply) that Defendant's law firm's alleged statement to Plaintiff's husband about whether Defendant would dismiss claims against Plaintiff from the Collection Lawsuit filed against both her and her husband is not an actionable debt collection effort here. Plaintiff clearly was aware of the statement because her lawsuit is based on it. *See* Complaint [ECF No. 1] at ¶ 14; *see also* footnote 8 *infra.*[6]

Plaintiff though relies on law from other jurisdictions in support of an argument that the FDCPA prohibits such representations as measured by the perspective of the "least sophisticated consumer," [ECF No. 31] at 8, but that is not the applicable standard in the Seventh Circuit. Instead, this Circuit "view[s] potential FDCPA violations through the objective lens of an unsophisticated consumer who, while 'uninformed, naïve, or trusting,' possesses at least 'reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Smith v. Simm Assocs.,*

---

[6] Although not addressed in Defendant's briefs, Plaintiff's husband's affidavit states that he incurred the medical debt at issue in this case, Defendant attempted to collect that debt from Plaintiff, and the debt was discharged in Plaintiff's bankruptcy. Henry Affidavit [ECF No. 34-3] at ¶¶ 2-3.

*Inc.*, 926 F.3d 377, 380 (7th Cir. 2019) (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). This standard "is not the same as the rejected least-sophisticated-debtor standard; accordingly, we disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005).

Nevertheless, even under the Seventh Circuit's standard (which Defendant does not address), the statement described in the Henry Affidavit could be construed as false, misleading, or deceptive, particularly to an unsophisticated consumer who is not well versed in the nuances of bankruptcy law. The alleged statement, made by someone in Defendant's attorney's office, was that Defendant would (and, by inference, presumably was legally entitled to) continue to pursue the Collection Lawsuit against Plaintiff notwithstanding the bankruptcy discharge. *Cf. Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016) (noting "purpose" of FDCPA "would be undermined" if statute "was inapplicable to communications that occurred in the context of litigation, particularly in the debt collection area" where "misleading or deceptive statements are more likely to influence the response of the defendant without ever coming to the attention of the court in any meaningful way"). Defendant does not dispute that Plaintiff's Debt was discharged in bankruptcy and therefore Defendant was barred from pursuing collection of that Debt. If the representation was made as described in the Henry Affidavit, a jury could find that it was a false, misleading, or deceptive representation under the FDCPA.[7]

---

[7] For this reason, the Court also disagrees with Defendant that there is no dispute of fact as to whether the alleged statement made to Plaintiff's husband was a debt collection effort by

16

Defendant also argues the alleged statement made to Plaintiff's husband is not properly set forth in a separate statement of facts pursuant to L.R. 56.1. Defendant's Reply [ECF No. 39] at 2-5; *see also* Defendant's Motion [ECF No. 33] at 5-6. As discussed above, the Court does not consider Plaintiff's "background" section or the evidence attached to her brief. Here, however, Defendant also relies on and attaches the Henry Affidavit to its SOMF and specifically cites to the two paragraphs of the Henry Affidavit describing the conversation Plaintiff's husband had with Defendant's attorney's office. SOMF [ECF No. 34] at ¶ 10 (citing affidavit at ¶¶ 5-6); [ECF No. 34-3]. Defendant does not dispute that Plaintiff's husband contacted Defendant's attorney on January 5, 2023, or that Mr. Henry informed Defendant's attorney that Plaintiff's debt had been discharged in bankruptcy. SOMF [ECF No. 34] at ¶ 10. Moreover, the Steele Declaration filed by Defendant does not address Defendant's

---

Defendant after it learned of Plaintiff's bankruptcy. Defendant's Reply [ECF No. 39] at 3; Defendant's Motion [ECF No. 33] at 1, 3, 6-7, 10. As an initial matter, as discussed later in this Memorandum Opinion and Order, Defendant does not argue this alleged statement was not a debt collection effort in its Motion, instead belatedly raising such arguments in its Reply though without citation to any legal authority. Moreover, a jury could conclude the alleged statement made to Mr. Henry by Defendant's law firm about refusing to dismiss a pending lawsuit to collect the Debt from his wife was a debt collection effort. *See, e.g., Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010) (describing factors relevant to the "commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt," noting there is no "categorical rule that only an explicit demand for payment will qualify" and "a communication made specifically to induce the debtor to settle her debt will be sufficient to trigger the protections of the FDCPA"); *Pleasant v. Specialized Loan Servicing, LLC*, 2020 WL 13646762, at *4 (N.D. Ill. Feb. 4, 2020) (denying summary judgment because "question as to the false, misleading, or deceptive character" of statements made in door hangers left by debt collectors "should be left to the jury" where, despite factual accuracy of statements directing consumers to call debt collector, staff were then "instructed to seek payment" leaving unresolved factual disputes about whether "the door hanger acts as a ruse to induce the consumer to call [the debt collector] about payments" in violation of the FDCPA). *See also* Plaintiff's Reply [ECF No. 36] at 3 (relying on Henry Affidavit to dispute that Defendant ceased debt collection efforts after notice of the bankruptcy).

attorney's conversation with Plaintiff's husband upon which Plaintiff's claim is based. [ECF No. 34-4]. Although Defendant characterizes Plaintiff's description of the alleged statement made to her husband as "inaccurate" in its Reply, [ECF No. 39] at 1, Defendant offers no facts or evidence in response to the statement about what Plaintiff's husband was told on January 5, 2023. Accordingly, on this record, there is at minimum a material fact dispute regarding what, if anything, Plaintiff's husband was told by Defendant's attorney or someone in his office about whether Defendant would dismiss the Collection Lawsuit, and Defendant, in any event, does not address that issue in a way conducive to obtaining summary judgment in its favor.

Finally, the Court acknowledges that Defendant also sought summary judgment as to Plaintiff's FDCPA claim under a different factual theory. Defendant says it is entitled to judgment on its bona fide error affirmative defense because it lacked notice of Plaintiff's bankruptcy discharge when it filed the Collection Lawsuit and it had procedures in place to address erroneous collections of debts subject to bankruptcy. Defendant's Motion [ECF No. 33]. The Court need not resolve the merits of this defense, which is directed towards excusing Defendant's conduct *before* it had notice of the bankruptcy, because the Court finds there are disputed issues as to whether Defendant's conduct *after* it received notice of the discharge violated the FDCPA (including the alleged statement made to Plaintiff's husband by Defendant's law firm and the delayed dismissal of the Collection Lawsuit).

The Court also notes again that Defendant did not address in its Motion whether the alleged statement made to Plaintiff's husband could support an FDCPA

claim or whether that alleged statement is subject to its affirmative defense. Instead, Defendant addresses that statement for the first time in its Reply. For this reason as well, the Court does not consider these untimely new arguments. *See Devs. Sur. & Indem. Co. v. Kipling Homes, L.L.C.*, 2013 WL 315960, at *3 (N.D. Ill. Jan. 28, 2013) ("It is well-settled that new arguments cannot be made for the first time in reply") (citing *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989)).[8]

For all these reasons, the Court finds that Defendant has not met its burden to show it is entitled to summary judgment on Plaintiff's FDCPA claim as a matter of law.

---

[8] Even if the Court were to consider those untimely arguments, however, the Court is not persuaded the alleged statement to Plaintiff's husband cannot constitute a violation of the FDCPA. Defendant says the statement "is neither an attempt to collect a debt nor directed to plaintiff." Defendant's Reply [ECF No. 39] at 1, 3, 6. As explained above, the statement could be construed by an unsophisticated consumer as a false, misleading, or deceptive representation in connection with a debt collection effort. *Cf. Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 983 (7th Cir. 2020) (some FDCPA claims "involve[] language that is plainly false, deceptive, or misleading, and therefore requires no additional evidence for the plaintiff to succeed on her claim"). Defendant also suggests that because the statement was made to Plaintiff's husband and not directly to Plaintiff, it is not actionable, [ECF No. 39] at 1, 6, but Defendant cites no support for this proposition, nor does it contend that Plaintiff was unaware of the statement. The Court also disagrees the statement "was not made by [Defendant]" because it may have been made by someone in Defendant's attorney's office (or potentially by Defendant's attorney himself, *see* SOMF [ECF No. 34] at ¶ 10). Defendant's Reply [ECF No. 39] at 1. "Attorneys' actions are imputed to their clients, even when those actions cause substantial harm. A litigant bears the risk of errors made by his chosen agent." *See Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("In other contexts, we have held that clients must be held accountable for the acts and omissions of their attorneys."). Moreover, Defendant says its attorney was disclosed as a "corporate representative of Defendant," another reason why the statement could be imputed to Defendant in this case. *See* Defendant's Response to Plaintiff's Motion to Strike [ECF No. 40] at 7. At minimum, the record is not fully developed as to who at Defendant's law firm made the statement.

### 3) Defendant's Motion for Summary Judgment on the Bankruptcy Discharge Claim Is Denied Without Prejudice

Defendant also argues it is entitled to summary judgment on Plaintiff's claim for violation of the bankruptcy stay and discharge because "undisputed evidence shows that [Defendant's] attorneys dismissed plaintiff from the collection lawsuit upon learning of her bankruptcy." Defendant's Motion [ECF No. 33] at 1, 10. Further, Defendant says this claim is "undeveloped and not even referenced in plaintiff's opening motion." [ECF No. 33] at 10; *see also* Defendant's Reply [ECF No. 39] at 10-11. While Defendant may be correct as to the deficiencies in Plaintiff's Motion, Defendant nevertheless still bears the burden of demonstrating summary judgment is appropriate in its favor on the bankruptcy claim. To that end, Defendant again raises new arguments in its Reply. Defendant's Reply [ECF No. 39] at 10-11. The Court does not consider these untimely arguments. *See Devs. Sur. & Indem. Co.*, 2013 WL 315960, at *3).[9]

Plaintiff responds by arguing Defendant failed to immediately or timely dismiss the Collection Lawsuit. [ECF No. 36] at 5-6, 7-8.[10] As discussed above, it is

---

[9] Specifically, Defendant says that a violation of a bankruptcy stay must be willful to entitle the injured party to actual damages and recovery of fees and costs. Defendant's Reply [ECF No. 39] at 10-11. Defendant says Plaintiff has not shown any deliberate act by Defendant in violation of the stay. [*Id.*] Even if the Court were to consider these new arguments in Defendant's Reply, viewing the facts in the light most favorable to Plaintiff, the alleged statement by someone in Defendant's attorney's office that Defendant would not dismiss the collection lawsuit notwithstanding the bankruptcy and the subsequent delay in obtaining a dismissal sets forth facts that potentially support an inference of deliberate action by Defendant after actual notice of Plaintiff's bankruptcy.

[10] Although Plaintiff asserts there is no evidence the Collection Lawsuit was dismissed, [ECF No. 36] at 6, the affidavit submitted by Defendant's counsel, Mr. Steele, states that he dismissed the collection action against Plaintiff. [ECF No. 34-4] at ¶4. In addition, the Court can take judicial notice of the state court dismissal. *See Daniel v. Cook Cnty.*, 833 F.3d 728,

undisputed the Collection Lawsuit was not dismissed until after Plaintiff initiated this litigation and more than six weeks after Plaintiff's husband informed Defendant's attorney's office about Plaintiff's bankruptcy discharge. The question is whether these facts regarding the timing of Defendant's dismissal potentially support a claim for violation of the bankruptcy discharge injunction and thereby preclude summary judgment for Defendant.

Defendant cites no case that says such a delay in moving to dismiss the Collection Lawsuit after learning that the Debt had been discharged by a bankruptcy court is not actionable as a matter of law. Defendant points out that Plaintiff does not cite any binding authority establishing a specific timeframe in which a debt collector must dismiss a collection action, but Defendant bears the burden of establishing it is entitled to summary judgment on the bankruptcy discharge claim. [ECF No. 39] at 9. To that end, Defendant distinguishes *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) (cited by Plaintiff for the proposition that there is a duty to dismiss a pending collection action that is in violation of a bankruptcy stay), arguing this holding of *Eskanos* has not been adopted by the Seventh Circuit. [ECF No. 39] at 9 (citing *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. June 23, 2009)). In *Brown*, the Seventh Circuit "noted in dicta that, '[w]e have not held that the automatic stay imposes on creditors an affirmative duty to dismiss pending lawsuits,' . . . while recognizing that the Ninth Circuit had so held in *Eskanos & Adler,*

---

742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts . . .") (citing *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)).

*P.C. v. Leetien*, 309 F.3d 1210 (9th Cir.2002)." *See In re Kuzniewski*, 508 B.R. 678, 686–87 (Bankr. N.D. Ill. 2014).

But *Brown* addressed a situation where a foreclosure action was filed *before* a bankruptcy petition, 334 F. App'x at 758, and courts have observed a creditor may have an affirmative duty to dismiss a pending collection action when it was initiated *after* a bankruptcy petition (as was the case here). *See In re Kuzniewski*, 508 B.R. at 686–87; s*ee also In re Welsch*, 602 B.R. 682, 686 (Bankr. N.D. Ill. 2019) (distinguishing *Eskanos* as involving the post-petition filing of a collection action). Indeed, bankruptcy courts in this District have found the "[f]ailure to take 'reasonable steps' to remedy a prior stay violation in itself violates the automatic stay" and noted "[t]he Seventh Circuit has held that a 'creditor has an affirmative duty to undo acts which violate the stay, even if she had no actual notice of the bankruptcy at the time the acts were performed.'" *In re Kuzniewski*, 508 B.R. at 685-86 (quoting *Copeland v. Kandi,* 441 B.R. 352, 360 (Bankr. W.D.Wash. 2010) and *Smith v. Albert (In re Smith),* 111 F.3d 133 n.2 (7th Cir. 1997)) ("[h]ad [the creditor] initiated the citation proceeding post-petition and in violation of the automatic stay, it likely would have had an affirmative duty to dismiss that proceeding in order to return to the *status quo* as of the petition date."); *In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) (same, citing *In re Kuzniewski*); *In re Payan*, 2016 WL 638133, at *2 (Bankr. S.D. Ind. Feb. 16, 2016) ("inaction following a systematic error that results in a stay violation itself is a stay violation").

In any event, neither party cites authority addressing a creditor's obligation to timely dismiss a collection action that was filed after the Debt had been discharged by a bankruptcy court order. The dearth of authority on that issue in the parties' briefs supports the denial of summary judgment here.

In addition, and finally, the Court also will not decide this issue now because the parties fail to address a threshold, and potentially jurisdictional, issue relevant to the bankruptcy discharge claim. Plaintiff's Debt was discharged in March 2021 and the Collection Lawsuit was filed in November 2022, well after the discharge. Accordingly, the issue is whether Defendant's allegedly untimely or improperly delayed dismissal violates the discharge injunction entered by the Bankruptcy Court. In their briefing, the parties focus on a somewhat different question – whether Defendant's conduct violated the bankruptcy stay – although it is not apparent to the Court if a violation of the bankruptcy stay is even at issue in this case, given that Plaintiff's Debt was discharged well before the Collection Lawsuit was even filed. *See* Plaintiff's Reply [ECF No. 36] at 6; Defendant's Reply [ECF No. 39] at 8-11.

Neither party addresses the potential jurisdictional issue of whether this Court can or should decide whether the Defendant is in contempt of the Bankruptcy Court's discharge injunction or whether the issue is for the Bankruptcy Court in the first instance. *See, e.g., In re O'Flynn*, 654 B.R. 296, 330 (Bankr. S.D. Ind. 2023) ("in the Seventh Circuit, 'the sole remedy for a violation of § 524 is a contempt action brought in the bankruptcy court that issued the order'") (quoting *Asufrin v. Roundpoint Mortgage Servicing Corporation*, 2016 WL 1056669 (N.D.Ill. March 17, 2016)); *Inorio*

*v. Wells Fargo Bank, N.A.*, 522 F. Supp. 3d 417, 424 (N.D. Ill. 2021) ("'A debtor dunned after' obtaining a discharge can 'ask the bankruptcy judge to hold the other party in contempt of … the discharge injunction[,]' [but] [t]hat is the debtor's only remedy …. [H]e cannot file suit directly in federal district court.") (quoting *Dore v. Five Lakes Agency, Inc.*, 2015 WL 4113203, at *2 (N.D. Ill. July 8, 2015)); *Billups v. PHH Mortg. Corp.*, 2021 WL 83507, at *4 (N.D. Ill. Jan. 11, 2021) ("The Court agrees that it cannot consider Billups' claim of a discharge injunction violation—a debtor must bring such a claim as a contempt action in the bankruptcy court that issued the discharge injunction.") (dismissing claim for violation of bankruptcy discharge without prejudice but declining to dismiss FDCPA claim based on same facts); *Dore*, 2015 WL 4113203, at *2 (citing *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001)) (dismissing claim under 11 U.S.C. § 524(a)(2) without prejudice but granting summary judgment on FDCPA in favor of defendant). *But see Parente v. Fay Servicing, LLC*, 2020 WL 1182714, at *6 (N.D. Ill. Mar. 12, 2020) (denying motion for lack of subject matter jurisdiction on claim for violation of bankruptcy discharge, noting district court has original jurisdiction over claims for violations of the bankruptcy discharge injunction).

Accordingly, the Court orders the parties to submit supplemental briefing (pursuant to the schedule set forth below) addressing this threshold and/or jurisdictional issue of whether Plaintiff's bankruptcy discharge claim is properly before the Court and whether that claim can or should be decided by this Court. For

this reason, the Court denies without prejudice Defendant's Motion on Plaintiff's bankruptcy discharge claim.

### III.    CONCLUSION

For all the above reasons, Plaintiff's Motion for Summary Judgment [ECF No. 31] is denied and Defendant's Cross Motion for Summary Judgment [ECF No. 33] is denied as to the FDCPA claim and denied without prejudice as the bankruptcy discharge violation claim. Plaintiff's Motion to Strike Unsupported Assertions Within Defendant's Cross Motion for Summary Judgment [ECF No. 37] is denied without prejudice as moot.

Plaintiff shall file on or before March 18, 2024, a supplemental brief addressing the threshold and/or jurisdictional issue whether Plaintiff's claim that Defendant violated the bankruptcy discharge injunction can or should be decided by this Court. Defendant's response shall be filed on or before April 2, 2024, and Plaintiff's Reply on or before April 12, 2024. The Court takes that issue under advisement pending full briefing.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated:    February 20, 2024