IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:23-cv-00721 |
| | ) | |
| COLLECTION PROFESSIONALS, INC. | ) ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Henry ("Plaintiff") alleges Defendant Collection Professionals, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as well as the automatic bankruptcy stay codified in 11 U.S.C. § 362, and the discharge injunction in 11 U.S.C. § 524. [ECF No. 1] ("Complaint"). The Court previously denied the parties' cross motions for summary judgment and further ordered the parties to file supplemental briefs addressing "the threshold and/or jurisdictional issue whether Plaintiff's claim that Defendant violated the bankruptcy discharge injunction can or should be decided by this Court." [ECF No. 44] at 24. Presently before the Court are the parties' supplemental briefs addressing this issue. In its supplemental brief [ECF No. 49], Defendant renewed its request that the Court enter summary judgment on Plaintiff's claim for violation of the automatic stay in its supplemental brief [ECF No. 49]. For the reasons below, the Court sets a briefing schedule on Defendant's renewed

1

Motion for Summary Judgment [ECF No. 49] on the bankruptcy stay claim and dismisses Plaintiff's claim for violation of the discharge injunction without prejudice.

## I. ANALYSIS

**A. Claim for Violation of Bankruptcy Stay in 11 U.S.C. § 362.**

In its prior Memorandum Opinion and Order ("Order"), the Court raised the question of whether Plaintiff had presented a viable claim for violation of the automatic bankruptcy stay "given that Plaintiff's Debt was discharged well before the Collection Lawsuit was even filed." [ECF No. 44] at 23 ("it is not apparent to the Court if a violation of the bankruptcy stay is even at issue in this case. . . ."). For that reason, the Court focused on the viability of Plaintiff's claim for violation of the bankruptcy discharge injunction and the Court denied Defendant's motion for summary judgment as to that claim without prejudice subject to the supplemental briefing. [ECF No. 44].

Defendant, in its supplemental brief addressing the discharge injunction claim, as mentioned above, also renewed its motion for summary judgment on the bankruptcy stay claim, arguing Plaintiff's claim for violation of the stay fails because the stay was vacated by issuance of the discharge injunction well before the collection lawsuit was filed. *See* Defendant's Supplemental Response Brief Regarding Jurisdictional Bankruptcy Issue [ECF No. 49] ("Def. Supp. Br.") at 2, 10 ("[Defendant] respectfully requests that this Court grant Defendant's Motion for Summary Judgment as to Plaintiff's 11 U.S.C. § 362 claims. . . ."). In her supplemental brief, Plaintiff did not address the viability of her automatic stay claim. *See* Plaintiff's Supplemental Brief Responding to Defendant's Claim This Court Lacks Jurisdiction

[ECF No. 45] ("Pl. Supp. Br.") at ¶ 2 (Plaintiff's "claims include violation of the discharge injunction (11 U.S.C. § 524) and violation of the fair debt practice act (15 U.S.C. § 1692)"); *see* [*id.*] at ¶ 16 ("Plaintiff maintains that this Court has jurisdiction to adjudicate Plaintiff's claims for violation of the Discharge Injunction . . ."); *see* [*id.*] at 6 ("Plaintiff requests that this court retain jurisdiction over the discharge injunction claims . . ."). Although the Court set a schedule that contemplated a reply from Plaintiff after Defendant filed its supplemental brief on jurisdiction [ECF No. 44], Plaintiff did not file a reply brief or respond to Defendant's renewed request for summary judgment on the automatic stay claim.

A bankruptcy automatic stay "continues until the earliest of . . . the time a discharge is granted or denied." *See* 11 U.S.C. § 362(c)(2)(C). Here, the automatic stay terminated on March 9, 2021, when the discharge injunction was granted. There is no dispute that Plaintiff's debt was discharged before the collection actions at issue in her Complaint were initiated. *See* Pl. Supp. Br. [ECF No. 45] at ¶¶ 11, 13 (Plaintiff's debt was discharged on March 9, 2021 and Defendant's collection lawsuit was served on November 30, 2022); Defendant's Local Rule 56.1 Statement of Material Facts in Support of Its Response and Cross-Motion for Summary Judgment [ECF No. 24] at ¶ 9 (". . . on November 30, 2022, [Defendant's] attorneys filed and served a collection lawsuit seeking to collect the plaintiff's debt"). As the discharge injunction was entered before the collection efforts at issue in the Complaint, there

does not appear to be any factual or legal basis for a claim that Defendant's collection actions violated the previously terminated automatic stay.[1]

Nevertheless, as the Court did not expressly seek supplemental briefing on the automatic stay claim, despite questioning the viability of such a claim in its prior Order, and out of an abundance of caution to ensure Plaintiff has every opportunity to be heard on that claim given that Defendant has renewed its request for a dispositive judgment dismissing it, Plaintiff is granted leave to file a response to Defendant's renewed Motion for Summary Judgment [ECF No. 49] on the automatic stay claim by June 27, 2024, and Defendant may file a reply in support of its renewed Motion by July 10, 2024 (in light of the intervening July 4 holiday).

### B. Claim for Violation of Discharge Injunction in 11 U.S.C. § 524.

The Seventh Circuit has explained "[a] court retains jurisdiction to enforce its injunctions" and therefore as to a claim "to enforce the order of discharge" issued by a bankruptcy court, "the proper procedure would indeed be to reopen the bankruptcy proceeding." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). "[A] suit for violation of section 524(c) can be brought only as a contempt action under section 524(a)(2) . . . [A]ffirmative relief can be sought only in the bankruptcy court that issued the discharge." *Id. See also Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 642

---

[1] The Court notes one of the decisions cited by Plaintiff in her Supplemental Brief reaches a similar conclusion in dismissing claims for violations of an automatic bankruptcy stay that arose after the date of the discharge. *See Barton v. Ocwen Loan Servicing LLC*, 2012 WL 4449860, at *9 (D. Minn. Sept. 26, 2012) ("The Court notes, however, that Plaintiff's bankruptcy was discharged as of January 30, 2009, therefore there can be no violation of the automatic stay provision for conduct that took place after that date.") (citing *Riley v. United States*, 118 F.3d 1220, 1221 (8th Cir.1997)).

4

n.4 (7th Cir. 2023) ("A bankruptcy discharge enjoins any efforts to collect on discharged debts. 11 U.S.C. § 524(a)(2). A debtor who believes that a collection agency has willfully violated the court's injunction may seek recourse for contempt in the bankruptcy court.") (citing *In re Sterling*, 933 F.3d 828, 832 (7th Cir. 2019)).

Although the circumstances in *Cox* were somewhat different than those presented here (*Cox* involved a claim to rescind a debt-affirmation agreement where the plaintiff paid off a debt that was discharged in bankruptcy), the Seventh Circuit's reasoning is nevertheless applicable. As the Seventh Circuit explained, under "the remedial scheme of section 524" a "creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Id.* at 915. This contempt remedy "has the advantage of placing responsibility for enforcing the discharge order in the court that issued it" and, as the Seventh Circuit further noted, "[t]he court that issued the discharge order is in a better position to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy." *Id.* at 916. As discussed in this Court's prior Order, numerous courts in this district have dismissed claims for violations of discharge injunctions, concluding such claims must be brought in the first instance to the bankruptcy court that issued the discharge injunction. [ECF No. 44] at 23-24. *See also* Def. Supp. Br. [ECF No. 49] at 5-6 (collecting cases).

Plaintiff argues that district courts retain jurisdiction over a claim for violation of the discharge injunction and this Court should exercise that jurisdiction here to

promote judicial efficiency, given the pending FDCPA claim. Pl. Supp. Br. [ECF No. 45]. Plaintiff points to *Price v. Rochford*, where the Seventh Circuit noted in a footnote that "district courts have original jurisdiction of all civil proceedings under the Bankruptcy Code." *Price v. Rochford*, 947 F.2d 829, 832 n.1 (7th Cir. 1991) The Seventh Circuit further reasoned, again in dicta, that "after a bankruptcy is over, it may well be more appropriate to bring suit in district court, especially when other claims are attached." *Id.* As Defendant notes, [ECF No. 49] at 4, however, *Price* involved claims of violation of a bankruptcy stay not a discharge injunction. *Id.* ("A claim for damages under section 362(h) should probably have been referred to the bankruptcy court" under the applicable local rules but "[n]one of the parties have questioned the propriety of bringing the case in the district court, however, and the defect is not jurisdictional" citing 28 U.S.C. § 1334(a)).

Defendant does not appear to dispute district courts may retain jurisdiction over contempt actions related to bankruptcy discharges. Def. Supp. Br. [ECF No. 49] at 6 ("the defect of Plaintiff's § 524 claim is not exactly or solely jurisdictional; it is an issue of justiciability and the ability of Plaintiff to state a claim for relief that can be heard by the district court"). But that does not save Plaintiff's discharge claim here. While the Seventh Circuit has not directly held district courts lack jurisdiction to hear contempt actions related to a bankruptcy discharge injunction, the Seventh Circuit has made clear that such actions should be raised in the first instance before the bankruptcy court that issued the discharge. Other circuits are in accord. *See, e.g., Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023) ("In *Walls*, we

6

held that a debtor who alleges a violation of a bankruptcy court's discharge order has no private right of action under 11 U.S.C. § 524. The appropriate remedy is contempt of court against the offending creditor pursuant to 11 U.S.C. § 105(a).") (citing *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002)); *In re Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616–17 (2d Cir. 2020) (where a debtor is "proceeding affirmatively to recover damages for an alleged violation of a court order and injunction . . . this Court and numerous other circuits have concluded, the only court that may offer a contempt remedy is the court that issued the discharge order – the bankruptcy court") (collecting cases, including *Cox*).

In addition, courts have dismissed claims for violations of discharge injunctions notwithstanding the existence of other pending claims, including FDCPA claims. *See, e.g.*, *Billups v. PHH Mortg. Corp.*, 2021 WL 83507, at *4 (N.D. Ill. Jan. 11, 2021) (dismissing claim for violation of bankruptcy discharge without prejudice but denying motion to dismiss FDCPA, ICFA, and RESPA claims); *U.S. Bank Tr., N.A. as Tr. for LSF11 Master Participation Tr.*, 2021 WL 3161547, at *4 ("The Court appreciates [counterclaim-plaintiff's] concerns regarding judicial economy, but the Court believes it is better to proceed carefully to get the right answer. In this case, the Bankruptcy Court is better situated to give the right answer about whether its own order was violated and, if so, the significance of the violation. . ." but retaining FDCPA and state law claims while staying case pending referral of question as to bankruptcy court's jurisdiction over such claims).

7

The Court notes that "[w]hile most courts have held that a contempt action for violation of a bankruptcy discharge order may only be heard by the bankruptcy court that issued the order, . . . the First Circuit has taken a different approach." *U.S. Bank Tr., N.A. as Tr. for LSF11 Master Participation Tr. v. Vincent*, 2021 WL 3161547, at *3 (D. Me. July 26, 2021). In *Bessette v. Avco Fin. Servs., Inc.*, the First Circuit held "a district court sitting in bankruptcy is similarly authorized to invoke its equitable powers under § 105 when necessary to carry out the provisions of the Bankruptcy Code" reasoning "the contrary authority is more persuasive when dealing, as here, with violation of a purely statutory order" where a debtor "seeks enforcement of the statutory injunction set forth in § 524, not one individually crafted by the bankruptcy judge, in which that judge's insights and thought processes may be of particular significance. Thus, few of the practical reasons for confining contempt proceedings to the issuing tribunal apply here." *Id.*, 230 F.3d 439, 445-46 (1st Cir. 2000).

The Court need not decide the jurisdictional issue, however, as it concludes Seventh Circuit precedent makes clear that Plaintiff's claim related to the discharge injunction should properly be raised in the bankruptcy court in the first instance. The Complaint asks for relief in the form of holding "the Defendant in civil contempt for violating" the bankruptcy court's discharge injunction. [ECF No. 1] at 5. That this claim be first heard by the bankruptcy court is also consistent with the Local Rules, which provide "[p]ursuant to 28 U.S.C. §157(a), all cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to any cases under Title 11 U.S.C. are referred to the bankruptcy judges of this District." N.D. Ill.

8

L.R. 40.3.1(a). Moreover, the district court retains jurisdiction over appeals from bankruptcy court orders to enforce discharge injunctions. *See* 28 U.S.C. § 158(a)(1).

For all these reasons, this Court dismisses Plaintiff's claim for violation of the discharge injunction without prejudice to her raising such a claim before the bankruptcy court, subject to the rules of the bankruptcy court.

## II. CONCLUSION

For all the reasons discussed above, the Court grants Plaintiff leave to file a response to Defendant's renewed Motion for Summary Judgment [ECF No. 49] on Plaintiff's claim for violation of the automatic bankruptcy stay by June 27, 2024. Defendant may file a reply in support of that Motion by July 10, 2024. The Court will take Defendant's renewed Motion for Summary Judgment [ECF No. 49] under advisement and will rule via CM/ECF or set the matter for an in-court hearing and ruling.

Also for the reasons discussed above, Plaintiff's claim for violation of the discharge injunction set forth in 11 U.S.C. § 524 is dismissed without prejudice to Plaintiff raising the discharge injunction claim before the bankruptcy court, subject to the rules of the bankruptcy court.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   June 17, 2024