IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-cv-00721 |
| ) | |
| COLLECTION PROFESSIONALS, ) | |
| INC. ) | |
| ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Henry ("Plaintiff") alleges Defendant Collection Professionals, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as well as the automatic bankruptcy stay codified in 11 U.S.C. § 362, and the discharge injunction in 11 U.S.C. § 524. [ECF No. 1] ("Complaint"). The facts of this case are discussed in more detail in the Court's prior opinions and orders, which are incorporated by reference here. [ECF Nos. 44, 51, 55, 58].

As relevant to this Memorandum Opinion and Order ("MOO"), the Court previously denied the parties' cross-motions for summary judgment on all three of Plaintiff's claims and ordered supplemental briefing on whether Plaintiff's claim that Defendant violated the bankruptcy discharge injunction can or should be decided by this Court. [ECF No. 44]. After reviewing the parties' submissions, the Court dismissed the Plaintiff's discharge injunction claim without prejudice.

1

[ECF No. 51]. With respect to Plaintiff's claim for violation of the automatic bankruptcy stay codified in 11 U.S.C. § 362, Plaintiff initially sought to voluntarily dismiss this claim. [ECF No. 52]. Given the advanced procedural posture of the case (Plaintiff's dismissal request was made after Defendant had filed a motion for summary judgment, *see* Federal Rule of Civil Procedure 41(a)(A)(i)), Plaintiff subsequently conceded Defendant was entitled to summary judgment on the automatic stay claim, which this Court then entered. [ECF Nos. 53, 55, 57, 58]. Accordingly, only Plaintiff's FDCPA claim remains pending.

Presently before the Court is Defendant's request for dismissal of Plaintiff's FDCPA claim for lack of subject matter jurisdiction under Article III of the United States Constitution. Defendant's Supplemental Response Brief Regarding Jurisdictional Bankruptcy Issue [ECF No. 49] ("Dismissal Motion") at 8-10. Defendant acknowledges it did not raise the Article III jurisdictional arguments in its previous motion for summary judgment [*id.*], however, "[f]ederal courts 'have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'" *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). Accordingly, the Court ordered the parties to submit supplemental briefing addressing "the question of whether Plaintiff has standing under Article III for her Fair Debt Collection Practices Act claim." [ECF No. 50]. The Court has now reviewed and considered the parties' supplemental briefs

2

addressing this issue. *See* Plaintiff's Response to Renewed Motion for Summary Judgment re: Lack of Standing [ECF No. 56] "Response"); Defendant's Reply in Support of Its Renewed Motion for Summary Judgment [ECF No. 60] ("Reply").

For the reasons below, the Court dismisses without prejudice Plaintiff's FDCPA claim for lack of subject matter jurisdiction.[1]

## I. ANALYSIS

### A. Legal Standard

Federal courts are limited by Article III of the United States Constitution to resolving "Cases" and "Controversies." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (to establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court

---

[1] *White v. Ill. State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("[A] dismissal on standing grounds can never be with prejudice."). Although the parties have not addressed Plaintiff's standing for her claims arising under the bankruptcy code, the Court notes its previous dismissal of Plaintiff's bankruptcy discharge claim was without prejudice and the entry of judgment for Defendants on the automatic stay claim followed Plaintiff's request for a voluntary dismissal. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778 n.1 (7th Cir. 2021) (noting "jurisdictional issues should be resolved ahead of issues on the merits," but finding that to be "irrelevant" because the case was "still properly dismissed without prejudice, as required when a plaintiff lacks standing.") (citing *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) and *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1316 (7th Cir. 1995)).

3

to resolve." *TransUnion*, 594 U.S. at 423 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).

Thus, "[t]o bring a claim in federal court, . . . a plaintiff must show that she suffered a concrete injury in fact that was likely caused by the defendant and redressable by judicial relief." *Freeman v. Ocwen Loan Servicing, LLC*, No. 23-2512, 2024 WL 3381718, at *3 (7th Cir. July 12, 2024) (citing *TransUnion*, 594 U.S. at 422–23). "Not all injuries satisfy this requirement. Only injuries that are concrete, particularized, and actual or imminent qualify as injuries in fact." *Patterson v. Howe*, 96 F.4th 992, 996 (7th Cir. 2024) (citing *TransUnion*, 594 U.S. at 423-24). "A concrete injury is 'real, and not abstract.'" *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 937–38 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 775 (2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, (2016)). "This standard includes 'traditional tangible harms, such as physical harms and monetary harms,' as well as '[v]arious intangible harms,' such as 'reputational harms, disclosure of private information, and intrusion upon seclusion.'" *Id.* (quoting *TransUnion*).

"At summary judgment" a plaintiff "must 'supply evidence of specific facts that, taken as true, show each element of standing,' and 'we must look to evidence in the record to evaluate whether [the plaintiff] has suffered an injury in fact.'" *Freeman*, 2024 WL 3381718, at *3 (quoting *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021)); *Pleasant v. Specialized Loan Servicing, LLC*, 2022 WL 18860979, at *1 (N.D. Ill. May 17, 2022) ("Once a case reaches the summary judgment stage, a plaintiff must 'demonstrate standing by 'setting forth' by affidavit

4

or other evidence 'specific facts' that, taken as true, support each element of standing.'") (quoting *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020)).

### B. At the Summary Judgment Stage, Plaintiff's Allegation of "Emotional Distress and Grief" is Insufficient to Establish Article III Standing.

In support of her claim to Article III standing for her FDCPA claim, Plaintiff first points to her allegation in the Complaint that Defendant's conduct caused her "emotional distress and grief." Complaint [ECF No. 1]; Response [ECF No. 56] at 8.

As an initial matter, Plaintiff cites cases about whether confusion regarding debt collection is a concrete injury for purposes of Article III. It does not appear, however, that Plaintiff claims confusion as an injury. Response [ECF No. 56] at 5-8. Plaintiff alleges she received Defendant's complaint in the state court collection action seeking recovery of a debt that had been discharged in bankruptcy and that her husband was told by someone at Defendant's law firm that Defendant would not dismiss Plaintiff from the collection lawsuit notwithstanding her bankruptcy claim. [ECF No. 1]. But Plaintiff does not allege she was confused by Defendant's collection lawsuit or by the alleged conversation with her husband. About a month after the alleged conversation, Plaintiff filed this lawsuit claiming Defendant's actions were in violation of the FDCPA. [ECF No. 1].

Even if Plaintiff could claim she was confused about Defendant's debt collection lawsuit, Plaintiff acknowledges the Seventh Circuit has held "'the state of confusion is itself not an injury' especially when the consumer did not take action to pay the debt." [*Id.*] at 6 (citing *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068

5

(7th Cir. 2020), *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021), and *Wadsworth*, 12 F.4th at 668)). Plaintiff does not claim she took any action (other than filing this lawsuit) in response to the collection action and her husband's alleged conversation with Defendant's law firm.

Plaintiff also cites case law from other Circuits which Plaintiff says suggests "stress, anxiety or fear" can sometimes constitute a concrete injury for Article III standing purposes. Response [ECF No. 56] at 7-8. Again, Plaintiff did not allege "stress, anxiety or fear" in her Complaint, nor does she present evidence that she experienced such emotional states in response to Defendant's collection efforts.

Even if the Court were to construe Plaintiff's allegation of "emotional distress and grief" [ECF No. 1] to be akin to stress, anxiety or fear, Plaintiff does not cite Seventh Circuit law recognizing injury in the form of such emotional states as a sufficient basis for standing under Article III. To the contrary, the Seventh Circuit has "made clear in our FDCPA case law that anxiety, embarrassment, and stress are not concrete injuries in fact" for Article III standing. *Freeman*, 2024 WL 3381718, at *5; *see, e.g.*, *Patterson*, 96 F.4th at 998–99 ("Any subjective beliefs or fears that Patterson harbored . . . imposed no greater injury than other mental states, like confusion, that we have previously deemed inadequate to confer standing. If Patterson's confusion had caused him to act to his detriment, then he might have had standing."); *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 639–40 (7th Cir. 2023) ("plaintiff's emotional harms, including that 'she got less sleep' because of the communications, were insufficient to establish standing."); *Wadsworth*, 12 F.4th at

6

668–69 (reversing and remanding for dismissal of plaintiff's FDCPA claim for lack of jurisdiction where plaintiff "contends only that she suffered emotional harms" including allegations of "personal humiliation, embarrassment, mental anguish and emotional distress" and "[t]he evidentiary record adds little more" as plaintiff testified "she got less sleep and felt intimidated, worried, and embarrassed" and experienced "[s]tress, anxiety"); *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 639 (7th Cir. 2023) ("the plaintiff must show a harm beyond emotional response, such as an adverse credit rating or detrimental action that the plaintiff took in reliance on the letters") (citing *Markakos*, 997 F.3d at 780). For these reasons, the Court finds Plaintiff's allegation of "emotional distress and grief" resulting from Defendant's collection activity fails to state an injury sufficient to satisfy Article III standing requirements.

In addition, as noted above, at the summary judgment stage a plaintiff must provide evidence in support of her injury and standing claims. *See*, *e.g.*, *Freeman*, 2024 WL 3381718, at *3; *Wadsworth*, 12 F.4th at 667. Plaintiff has failed to identify any evidence in support of her allegation that Defendant's actions caused her emotional distress and grief. Notably, Plaintiff did not submit an affidavit describing her alleged emotional distress and grief, nor did she identify any other evidence regarding her alleged emotional injuries. *Id. See also Wantz v. Experian Info. Sols.*, 386 F.3d 829, 833–34 (7th Cir. 2004), *as amended* (Nov. 16, 2004), *abrogated on other grounds, Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) (plaintiff "fails to create an issue of fact as to actual damages" where "he relies solely on his own conclusory statements of emotional distress. Where, as here, the plaintiff's own testimony is his

7

only evidence of emotional damages, 'he must explain the circumstances of his injury in reasonable detail' and not rely on conclusory statements, unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'") (internal citations omitted). For these reasons, Plaintiff's unsupported allegation that Defendant's conduct caused her emotional distress and grief also "fails as a matter of proof." *See Freeman*, 2024 WL 3381718, at *4 (finding "even if" plaintiff's claimed injury "is an injury sufficient for standing, Freeman's argument fails as a matter of proof" because court had excluded all evidence of monetary harm) (internal citations omitted).

Accordingly, Plaintiff's allegation that she suffered emotional distress and grief as a result of Defendant's collection activities, unsupported by any evidence at the summary judgment stage, is insufficient to support Article III standing for the FDCPA claim.

### C. Plaintiff's Claim of Imminent Danger of Adverse Judgment in the State Court Collection Action is Insufficient to Establish Article III Standing.

Plaintiff also argues she has standing for her FDCPA claim because "[t]he state court collection complaint . . . seeks a monetary judgment" against her and "[h]ad [she] not filed this action, she would have been in imminent danger of judgment being entered against her." Response [ECF No. 56] at 8.

Under Seventh Circuit precedent, a risk of future harm is insufficiently concrete to confer Article III standing for a claim for monetary damages. *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022) ("*TransUnion* makes clear

8

that a risk of future harm, without more, is insufficiently concrete to permit standing to sue for damages in federal court."); *Pierre*, 29 F.4th at 938 (". . . as the Supreme Court clarified in *TransUnion*, a risk of harm qualifies as a concrete injury only for claims for "forward-looking, injunctive relief to prevent the harm from occurring." . . . A plaintiff seeking money damages has standing to sue in federal court only for harms that have in fact materialized.") (internal citations omitted). In addition, "a statutory violation alone does not cause an injury in fact; instead, the violation must have 'harmed or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect.'" *Markakos*, 997 F.3d at 781-82.

As an initial matter, Plaintiff fails to provide any evidence that the risk of a monetary judgment against her was imminent. *See Patterson*, 96 F.4th at 996 (among other requirements for Article III standing, only "actual or imminent" injuries "qualify as injuries in fact"). Rather, Plaintiff's theory of injury "seems to call for pure speculation about how the state-court action might have been resolved . . ." *See Patterson*, 96 F.4th at 999–1000. The Seventh Circuit has rejected FDCPA standing arguments based on the possible outcomes of legal proceedings in a collection action, noting "[s]uch speculative injuries do not support standing for damages claims." *Id.*, 96 F.4th at 1000 ("the mere possibility that his deemed admissions might be used against him was neither concrete nor imminent" and "[a]ny number of intervening events could have prevented Patterson from feeling obliged to settle for the full amount"). Such reasoning would appear to apply here as well, where the Court can envision intervening events that would have prevented the entry of any judgment

against Plaintiff in the collection action, including if Plaintiff had informed the state court of her bankruptcy discharge. For these reasons, the Court finds Plaintiff's arguments based on the possibility that a judgment could have been entered against her in the state court collection lawsuit fails to state a risk of imminent harm that suffices as an injury for purposes of Article III standing.[2]

Moreover, Plaintiff does not allege or present evidence of any monetary injuries she incurred from Defendant's initiation of the collection action or the claimed delay by Defendant in dismissing the action. *Cf. Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024) ("Interruption of self-employment *could* cause a loss, but whether it *did* cause a loss must be established by evidence."). Courts have found a plaintiff lacked standing to pursue a FDCPA claim where there was no evidence that the plaintiff suffered monetary injuries even when a default judgment was entered in an underlying collection action. *See Endres v. UHG I LLC*, 2022 WL 462005, at *6–7 (W.D. Wis. Feb. 15, 2022) (rejecting contention that plaintiff "suffered an injury because of the defendants' bringing a collection action or briefly obtaining a default judgment" noting "[c]rucially, the record is undisputed that the small claims action was short-lived and eventually dismissed, with plaintiff paying nothing as a result of

---

[2] During the prior summary judgment briefing, Plaintiff argued her claim was about Defendant's "failure to timely dismiss the underlying state court lawsuit." Plaintiff's Reply to Defendant's Response Brief and Reply to Defendant's Cross Motion for Summary Judgment [ECF No. 36] at 4. Defendant presented undisputed evidence that it directed its attorney in the collection lawsuit to dismiss the case against Plaintiff and the record established that the collection lawsuit was subsequently dismissed. Defendant's Local Rule 56.1 Statement of Material Facts [ECF No. 34] at ¶¶ 10-13. Although the Court acknowledges the dismissal did not occur until a few weeks after the Plaintiff filed this FDCPA case, Plaintiff does not identify any evidence that she faced an imminent risk of a judgment in the collection lawsuit during that short time period.

the action or the judgment."); *see also id.* at *6 n.5 ("the mere possibility that Endres could have paid money to UHG I LLC or otherwise suffer from a default judgment is not sufficient to establish standing"). This is yet another reason Plaintiff's standing claim does not pass legal muster.

Finally, courts in other Circuits have ruled that "an FDCPA plaintiff who has been the subject of an 'improper lawsuit' can assert standing on the basis of 'legal fees and related costs incurred in the [underlying] action.'" *See Levy v. L. Offs. of J. Henry Nierman*, 2024 WL 2274100, at *3 (S.D.N.Y. May 20, 2024) (internal citations omitted); *see also Fleming v. ProVest California LLC*, 2021 WL 6063565, at *7 (N.D. Cal. Dec. 22, 2021) ("Courts have held that legal costs spent defending debt collection actions qualify as more than the mere risk of harm.") (collecting cases).[3] Here, however, Plaintiff does not allege, and she provides no evidence, that she incurred any monetary injuries as a result of Defendant's collection lawsuit, including expending any money to defend against that lawsuit. Nor does Plaintiff present evidence that she paid Defendant anything on the debt or that she sustained any negative effect on her credit or financial status. *See Endres*, 2022 WL 462005, at *6–7 ("plaintiff here has not represented, nor put forth any evidence to support a finding, that she similarly incurred any costs in defending against the small claims action or otherwise was tangibly impacted by the action"). Under these circumstances, Plaintiff

---

[3] The Court notes that Plaintiff cites none of these cases and does not make this argument perhaps because the facts in this case would not support it.

has failed to establish Article III standing to seek monetary damages for her FDCPA claim.[4]

## II. CONCLUSION

For all the above reasons, Plaintiff's Fair Debt Collection Practices Act claim is dismissed without prejudice for lack of subject matter jurisdiction.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 9, 2024

---

[4] The Seventh Circuit recently explained that the cost of hiring counsel to file a separate lawsuit for an alleged FDCPA violation is not a sufficient injury to establish standing. *See Patterson*, 96 F.4th at 998 ("Hiring an attorney to seek guidance or to file a lawsuit is not a concrete harm, even though it is behavior in reaction to a debt collection practice. That is because hiring an attorney to *file* a new lawsuit is not a personalized injury. Otherwise, anyone could sue for any alleged FDCPA violation, whether or not he suffered any other injury from the allegedly misleading practice."). As an aside, the Seventh Circuit also cited Judge Hamilton's dissenting opinion in *Choice*, 77 F.4th at 640–41, arguably for the proposition that "hiring lawyer to defend state-court debt collection action should support standing where debt collector allegedly violated FDCPA in connection with the suit." *See Patterson*, 96 F.4th at 998. As discussed above, however, Plaintiff does not allege that she incurred any legal fees or costs to defend the underlying and short-lived state court debt collection action in this case.